# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| MICHAEL JERNARD SINGLETON, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | CV417-193 |
| | ) | CR413-007 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

After pleading guilty to conspiracy to possess with intent to distribute cocaine, cocaine base, and marijuana, all Schedule I or Schedule II controlled substances, doc. 503[1] (plea agreement); doc. 509 (judgment for 92 months' imprisonment, to be served consecutively to any state term of imprisonment); doc. 733 (Order reducing sentence to 78 months' imprisonment); doc. 802 (Order denying motion to run federal sentence concurrently to state sentence), Michael Jernard Singleton took no appeal.  He now moves under 28 U.S.C. § 2255 to vacate his sentence due to his counsel's alleged deficiencies -- among other things, that counsel failed to appeal his sentence.  *See* doc. 842.

---

[1]  The Court is citing to the criminal docket in CR413-007 unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

Preliminary § 2255 Rule 4 review shows that his motion must be **DENIED**.

Judgment was entered on January 23, 2014, making Singleton's conviction final fourteen days later. *See* Fed. R. App. P. 4(b)(1)(A)(i) (defendants must notice their appeals within 14 days from the entry of judgment); *Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000) (judgment of conviction is final on expiration of deadline to file notice of appeal). He then had until February 6, 2015 (one year later) to seek § 2255 relief. 28 U.S.C. § 2255(f).[2] He did not signature-file the present § 2255 motion, however, until September 30, 2017 -- more than two years too late. Doc. 842 at 25. Movant offers no explanation for his failure to timely file his § 2255 motion.

Though the statute of limitations "can be equitably tolled where a

---

[2] As described in the statute, the one-year limitation period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

petitioner untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence," *Kicklighter v. United States*, 281 F. App'x 926, 930 (11th Cir. 2008) (quoting *Outler v. United States*, 485 F.3d 1273, 1280 (11th Cir. 2007)), this is not such a case.  Singleton has not demonstrated either the existence of "extraordinary circumstances" that prevented his timely filing the petition, *Wakefield v. R.R. Ret. Bd.*, 131 F.3d 967, 970 (11th Cir. 1997) (neither a litigant's *pro se* status nor ignorance of the law normally warrants equitable tolling), or that he diligently pursued relief. *See Diaz v. Sec'y for Dep't of Corr.*, 362 F.3d 698, 702 (11th Cir. 2004) ("equitable tolling is available only if a petitioner establishes *both* extraordinary circumstances and due diligence").  His IAC claims are time-barred.[3]

Accordingly, Michael Jernard Singleton's § 2255 motion should be **DENIED** as untimely.  Applying the Certificate of Appealability (COA)

---

[3]   To the extent that Singleton seeks to unwind the Court's repeated determination that his federal sentence should be served consecutively to his later-imposed state sentence, § 2255 offers him no succor.  That section only applies to challenge the propriety of the federal conviction or sentence itself (*i.e.*, whether he was misled when he pleaded guilty or whether the sentence violated the plea bargain).  Instead, he must proceed under 28 U.S.C. § 2241, which asks whether his federal sentence has been properly executed.  And he has no such claim.  As this Court has resoundingly stated, his federal sentence is properly executed *consecutively* to his state sentence. Docs. 509 (judgment) & 802 (Order denying motion to serve sentences concurrently).

standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either.  28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2254 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant") (emphasis added).

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are

advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this  25th  day of October, 2017.

/s/ G. R. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA